WILLIAMS and others, Trustees, Appellants, vs. ALBERT, Respondent.

*March 12—April 9, 1940.*

For the appellants there was a brief by *Harold M. Wilkie*. of Madison, and *Robert F. Holmes* of Baraboo and *Hill, Miller & Hill* of Baraboo, and oral argument by *James H. Hill* and by *W. E. Torkelson* of Madison.

*W. T. Jenks, R. H. Gollmar,* and *H. M. Langer,* all of Baraboo, for the respondent.

ROSENBERRY, C. J. The trial court found the facts which will be stated in an abbreviated form. The First National Bank & Trust Company of Baraboo, hereinafter referred to as the "bank," became insolvent and a stabilization agreement was formulated in 1932. Certain slow and doubtful assets were delivered to a depositors' committee elected at a meeting of the depositors held in December, 1932. Subsequent thereto a receiver was appointed for the bank by the comptroller of the currency of the United States of America. Thereupon a compulsory one hundred per cent stock assessment was levied by the comptroller and notice thereof given

to the stockholders; certain stockholders paid their assessments or portions thereof to the receiver, such payments totaling approximately $39,000; the defendant was a stockholder and paid part of her assessment to the receiver; the plaintiffs trustees filed a claim against the receiver for an amount approximating $180,000, which claim was disallowed by the comptroller and the receiver, and thereupon an action was commenced in the United States district court for the Western district of Wisconsin; thereafter said action was dismissed upon the merits by the plaintiffs. It became evident that the assets in the receivership, exclusive of the stock assessment, would be sufficient to pay all valid and allowed claims and all other obligations of the receiver in full, together with interest thereon at the legal rate; that such claims and obligations were paid, leaving a balance of assets in the hands of the receiver more than sufficient to refund to stockholders who had paid their assessments in full or in part, the amount paid together with interest thereon; that the receiver by the direction of the comptroller paid to the stockholders the amounts of the assessments paid to him with interest at the legal rate, the amount so paid to the defendant being $36.80. The interest was paid to the defendant some time prior to March 2, 1937, on which date an order was entered in the federal court discharging the receiver.

Plaintiffs' claims arise under an instrument relating to the segregated trust, dated November 25, 1936, which was signed by some but not by all of the stockholders. By the terms of this instrument it was agreed that there should be a refund of the amounts paid in by the stockholders upon the assessment levied by the receiver; that the old stockholder should pay not to exceed ten per cent of the par value of his stock to cover any expense or liability incurred, and should assign his stock to the trust. The agreement contained the following clause:

"so as to fully assign and set over to said segregated trust all of my right, title and interest in and to all assets that shall

remain in the hands of the receiver, to the end that I shall not receive any liquidating dividend by virtue of heretofore having been a stockholder of said First National Bank & Trust Company of Baraboo, Wisconsin."

With respect to the refund the trust instrument contained the following provision:

"It is mutually understood and agreed that any stock assessment heretofore paid in whole or in part by the undersigned stockholder to the receiver of the First National Bank & Trust Company shall be entitled to a refund to said stockholder by said receiver of such assessment so paid in whole or in part.

"It is the intent and purpose of this agreement, that upon surrender of my said stock in said First National Bank & Trust Company for the purpose of this agreement that my liability as a stockholder shall be limited in any event to a sum not exceeding ten per cent of the par value of said stock; *and in the event that I have heretofore paid my assessment or any part thereof to the receiver of said First National Bank & Trust Company, that I shall be entitled to a refund of the assessment so paid, and my liability under this agreement shall in no event exceed ten per cent of the par value of my said stock.*"

By subsequent agreement, dated May 27, 1937, the liability of the agreeing stockholders was increased from ten per cent to twenty-five per cent. Having paid all claims against him, the receiver refunded to the paying stockholders the amount of assessments paid in, together with interest at the legal rate. The receiver then returned the remaining assets in his hands to the segregated trust. Whatever interest the defendant might have had in such assets had passed from her to the trustees by the transfer of her stock and the assignment. It is obvious that the value of the assets which the trustees received from the receiver had been diminished by the payment of interest to the stockholders. The total interest on the refunded assessments amounted to approximately $7,000. It is conceded that the matter of interest was not covered by the terms of the contract. The theory

of the plaintiffs is that under all the facts and circumstances of the case the plaintiffs were entitled to receive from the receiver the assets undiminished by the amount paid to the old stockholders for interest on the refunded assessment. The contract being silent with respect to interest, it is the contention of the plaintiffs that they are equitably entitled to the interest paid by the receiver to the defendant, and that by the retention of the amount so paid the defendant is unjustly enriched in that amount. On the other hand, the defendant claims that the amount was paid to her as a part of the refund voluntarily by the receiver; that while the national banking law is silent with respect to the right to interest under the circumstances of this case, by the decision of the federal court in *McCarty v. Gault* (1938), 24 Fed. Supp. 977, stockholders who have paid an assessment and are entitled to a refund, are entitled to interest thereon.

Turning now to a consideration of the rights of the plaintiffs, which are based upon the contract bearing date November 25, 1936, as modified by the agreement of May 27, 1937, it is manifest that in surrendering the right to any liquidating dividend which might thereafter be paid by the liquidator of the segregated trust, the defendant released to plaintiffs her right to any share in the assets which would be returned by the receiver. What assets should be returned was a matter wholly within the jurisdiction of the federal court or the comptroller. Having expressly reserved her right to a refund of the amount which she had paid on the stock assessment to the receiver, we are unable to see how the trustees ever acquired any claim, equitable or otherwise, to the moneys paid to the defendant by the receiver as interest. If plaintiffs wished to contest the payment of interest to stockholders, including the defendant, they should have done it in the receivership proceeding. Having made no contest in the receivership proceeding, having accepted the assets diminished by the amount paid out as interest to the stockholders,

their rights became fixed under the contract. The claim of the plaintiffs therefore must rest upon the proposition that the defendant holds such interest for the benefit of the trust. The plaintiffs cite no case sustaining their position and after diligent search we find none. The receiver was acting within the scope of his authority in making the refund with interest. The plaintiffs were entitled to the assets remaining after the obligations of the receiver were discharged, including the refund. The fact that the assets would have been larger if interest had not been paid, there being no mistake, fraud, or wrongdoing of any kind, does not give rise to an obligation on the part of the defendant to turn over to the trust the amount paid to her by the receiver as and for interest, such payment being made in accordance with the law. The trial court correctly held that plaintiffs' complaint should be dismissed with costs.

*By the Court.*—Judgment affirmed.